UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

FILED JAN 17 2012

UNITED STATES OF AMERICA,   *   CRIM. CASE
    RESPONDENT        *   1:03-CR-445

VS.                         *

                             CIVIL CASE NO.

MAJOR BOYD WHITLEY,         *
    MOVANT

## MEMORANDUM IN SUPPORT OF MOVANT'S 28 U.S.C. § 2255 MOTION

COMES NOW MAJOR BOYD WHITLEY, HEREINAFTER "MOVANT", IN PRO-SE, AND RESPECTFULLY OFFERS THIS MEMORANDUM IN SUPPORT OF HIS 2255 MOTION.

### INTRODUCTION

THIS IS A COLLATERAL ATTACK OF A FEDERAL CONVICTION. MOVANT WAS CONVICTED FOR VIOLATING 18 U.S.C. § 922(g)(1) FELON IN POSSESSION OF FIREARM.

### JURISDICTION

A 2255 CHALLENGE TO AN ILLEGAL SENTENCE CANNOT BE WAIVED; ONE WHO IS ACTUAL INNOCENT OF CAREER CRIMINAL MAY ALWAYS CHALLENGE THE ILLEGAL SENTENCE, SEE U.S. V. MAYBECK, 23 F.3d 888 (4th Cir. 1994).

## STATEMENT OF FACTS

Movant was indicted for violation under 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

The probation officer applied Chapter Four enhancements and held movant to fit the criteria of enhanced penalties provided by 18 USC 924(e), Armed Career Criminal Act, relying upon (2) related burglary convictions that the state court consolidated for sentencing which is identified in the PSR Report page 6 paragraph 21. See (attached) (Exhibit A)

In this case the only objections to the PSR Report were made by movant. See (Transcript of sentencing hearing at 7-17)

No objections to the PSR were made by appointed counsel. The sentencing court overruled movants objections and on May 28, 2004 movant was sentenced to a total of 180 months.

Appointed counsels failure to object to the (2) related burglary convictions in the PSR's criminal history calculation denied movant the effective assistance of counsel.

Mindful of the liberal rules applied to pro-se pleadings movant respectfully articulates his belief that he has suffered the denial of effective assistance of counsel.

-2-

## ARGUMENT

1). APPOINTED COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE (ACCA) ENHANCEMENT RELYING ON (2) RELATED STATE BURGLARY PRIOR CONVICTIONS.

APPOINTED COUNSEL ERRED IN FAILING TO OBJECT TO THE PSR RELIANCE ON (2) RELATED STATE BURGLARY PRIOR CONVICTIONS.

MOVANT'S CRIMINAL HISTORY WAS IMPROPERLY COMPUTED UNDER THE U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 COMMENTARY APPLICATION NOTE(3), BECAUSE THE (2) PRIOR BURGLARY CONVICTIONS WERE "RELATED" FOR SENTENCING PURPOSES. SEE (ATTACHED EXHIBIT B)(TRANSCRIPT OF PLEA, QUESTION # 14); SEE ALSO UNITED STATES V. RIVERS, 929 F.2d 136, 139-40 (4th Cir 1991)(UNLESS THERE ARE INTERVENING ARRESTS, CASES ARE RELATED IF THEY RESULTED FROM OFFENSES THAT (1) OCCURRED ON THE SAME OCCASSION (2) WERE PART OF A COMMON SCHEME OR PLAN, OR (3) WERE CONSOLIDATED FOR TRIAL OR SENTENCING).

APPOINTED COUNSEL'S REPRESENTATION FELL BELOW THE "RANGE OF COMPETENCE DEMANDED FOR ATTORNEYS" WHEN HE FAILED TO CHALLENGE THE PSR'S COMPUTATION OF MOVANT'S CRIMINAL HISTORY PURSUANT TO THE U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 COMMENTARY, APPLICATION NOTE 3. PRIOR SENTENCES IMPOSED IN RELATED CASES ARE TO BE TREATED AS ONE SENTENCE FOR PURPOSES OF CRIMINAL HISTORY. U.S.S.G.

- 3 -

§ 4A1.2 (a)(2).

Here, where the (2) prior burglaries were consolidated for sentencing, appointed counsel should have objected that movant's priors are related cases and are to be treated as one sentence for purposes of criminal history. In the words of Judge Easterbrook, an objection on this ground was close to a "dead-bang winner." Page v. U.S., 884 F.2d 300, 301 (7th Cir 1989).

The failure to object to the calculation error was a clear lapse in representation. See U.S. v. Day, 969 F.2d 39, 43 (3rd Cir 1992) (because the sentencing guidelines have become a critical ... facet of federal criminal proceedings ... familiarity with the structure and basic content of the guidelines ... has become a necessity for counsel who seek to give effective representation). See also Jackson v. Leonardo, 162 F.3d 81, 86 (2nd Cir 1998) (where there is no plausible explanation for counsel's error, no hearing is required to determine that counsel's representation was deficient).

Movant was prejudiced by trial counsel's lapse in representation, because he would have been sentenced to a period of incarceration less than 180 months and well below the mandatory minimum of (ACCA). Therefore, movant was prejudiced by his attorney's failure to object to the sentencing calculation error. See Glover v. U.S., 531 U.S. 198, 203 (2001) (holding that "any increase in the amount

-4-

OF ACTUAL JAIL TIME" DUE TO SENTENCING GUIDELINES ERROR, CONSTITUTES PREJUDICE UNDER THE STRICKLAND DOCTRINE).

FOR THE REASONS STATED ABOVE, THIS COURT SHOULD HOLD THAT COUNSEL'S FAILURE TO OBJECT TO A SENTENCING CALCULATION ERROR THAT RESULTED IN AN INCREASE IN MOVANT'S PERIOD OF INCARCERATION CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

DATED ON THIS 11th DAY OF January, 2012.

RESPECTFULLY SUBMITTED
BY Major Whitley
MAJOR BOYD WHITLEY
# 22096-057
U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837

**MAJOR BOYD WHITLEY**                                                                 PAGE 6

**PART B.    DEFENDANT'S CRIMINAL HISTORY**

<u>Juvenile Adjudications</u>

20.   None known.

<u>Adult Criminal Convictions</u>

| Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|
| 21. 10/28/94 (Age 14) *[handwritten: All (4) was Consolidated on 1-10-95]* | ✱ 1) Felony Second Degree Burglary, ✱ 2) Felony Larceny, Docket No. 94CRS 14067, ✱ 3) Felony Second Degree Burglary, Docket No. 94CRS 14068, ✱ 4) Felony Larceny, Docket No. 94CRS 14069, Cabarrus County Superior Court, Concord, NC | <u>01/10/95</u>: Consolidated for ✱ judgement, 12 to 15 months imprisonment, suspended, 3 years supervised probation, pay $350.00 fine and $90.00 cost of court. <u>07/12/95</u>: Probation violation. Probation modified and extended until January 9, 1999, complete 6 months intensive probation, 72 hours of community service, and complete 180 days electronic monitoring. <u>08/14/95</u>: Probation revoked. Serve 12 to 15 months imprisonment, credit for 15 days imprisonment. <u>09/28/96</u>: Discharged. | 4A1.1(a) 4A1.2(d)(1) | <u>3</u> |

Defendant Whitley was initially charged by a juvenile petition (94 J 31). On October 19, 1994, the court ordered that Defendant Whitley be held in the Gaston Regional Detention Center, Gastonia, NC, until his hearing, which was set for October 28, 1994.

**STATE OF NORTH CAROLINA**

94 CRS 14067
94 CRS 14068
94 CRS 14069

Cabarrus County

In The General Court Of Justice
☒ District ☐ Superior Court Division

**STATE VERSUS**

Name Of Defendant: Major Boyd Whitley

DOB: 6-23-80  Age: 14  Highest Level Of Education Completed: 7th

**TRANSCRIPT OF PLEA**

G.S. 15A-1022

The defendant, having offered a plea of _Guilty_ and being first duly sworn, makes the following answers to the questions set out below:

| | Answers |
|---|---|
| 1. Are you able to hear and understand me? | Yes |
| 2. Do you understand that you have the right to remain silent and that any statement you make may be used against you? | Yes |
| 3. At what grade level can you read and write? | 7th |
| 4. (a) Are you now under the influence of alcohol, drugs, narcotics, medicines, pills, or any other intoxicants? | None |
| (b) When was the last time you used or consumed any such substance? | — |
| 5. Have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge? | Yes |
| 6. (a) Have you and your attorney discussed the possible defenses, if any, to the charges? | Yes |
| (b) Are you satisfied with your lawyer's legal services? | Yes |
| 7. (a) Do you understand that you have the right to plead not guilty and be tried by a jury? | Yes |
| (b) Do you understand that at such trial you have the right to confront and to cross examine witnesses against you? | Yes |
| (c) Do you understand that by your plea(s) you give up these and your other constitutional rights relating to a trial by jury? | Yes |
| 8. Do you understand that, if you are not a citizen of the United States of America your plea(s) of guilty or no contest may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law? | Yes |
| 9. (If applicable) Do you understand that upon conviction of a felony that you automatically forfeit any licensing privileges as defined by G.S. 15A-1331A for the full term? | Yes |

☐ (FSA cases only occurring on or after May 1, 1994) of the maximum sentence of imprisonment imposed at the time of conviction if: (1) you are offered a suspended sentence on condition that you accept probation and you refuse probation, or (2) your probation is revoked or suspended and the Court makes findings that you failed to make reasonable efforts to comply with the conditions of probation.  — Yes

☐ (Structured Sentencing cases committed on or after October 1, 1994) of the period you are placed on probation if: (1) you are offered a suspended sentence on condition you accept probation and you refuse probation, or (2) your probation is revoked or suspended. G.S. 15A-1331A(b).  — Yes

10. Do you understand that you are pleading (guilty) (no contest) to the following charges, which carry the total punishments listed below:  — Yes

| Plea (G=Guilty NC=No Contest) | Offense(s) | G.S. No. | F/M | Class | Maximum Punishment |
|---|---|---|---|---|---|
| G | 2nd Deg Burg | 14-51 | F | G | 16 months |
| G | (7) Larceny | 14-72b2 | F | H | 8 months |
| G | 2nd Deg Burg | 14-51 | F | G | 16 months |
| G | 7 Larceny | 14-72b2 | F | H | 8 months |

**TOTAL MAXIMUM PUNISHMENT** ▶ 48 mos

**MANDATORY MINIMUM FINES & SENTENCES (If any)** ▶

AOC-CR-300, Rev. 5/94  (Over)

_Shows Consolidation *_

| | Answers |
|---|---|
| 11. Do you now personally plead (guilty) (no contest)? | Yes |
| 12. (a) (If applicable) Are you in fact guilty? | Yes |
| (b) (If applicable) Do you understand that upon your plea of no contest you will be treated as being guilty whether or not you admit your guilt? | X |
| (c) (If applicable) (Alford plea) | |
| (1) Do you now consider it to be in your best interest to plead guilty? | Yes |
| (2) Do you understand that upon your "Alford Plea" you will be treated as being guilty whether or not you admit that you are in fact guilty? | X |
| 13. Have you agreed to plead as part of a plea arrangement? Before you answer, I advise you that the Courts have approved plea negotiating, and if there is such, you may advise me truthfully without fear of incurring my disapproval? | ✓ Yes |

14. (If applicable) The District Attorney and your lawyer have informed the Court that these are all the terms and conditions of your plea: _That upon my plea all cases will be consolidated for Judgement and I will receive a suspended sentence as provided by Structed Sentencing act._

| | |
|---|---|
| (a) Is this correct as being your full plea arrangement? | Yes |
| (b) Do you now personally accept this arrangement? | Yes |
| 15. (Other than the plea arrangement between you and the prosecutor) has anyone made any promises or threatened you in any way to cause you to enter this plea against your wishes? | No |
| 16. Do you enter this plea of your own free will, fully understanding what you are doing? | Yes |
| 17. Do you have any questions about what has just been said to you or about anything else connected with your case? | No |

I have read or have heard all of these questions and understand them. The answers shown are the ones I gave in open court and they are true and accurate. Neither my lawyer nor anyone else has told me to give false answers in order to have the Court accept my plea in this case. The conditions of the plea as stated above, if any, are accurate. _True_

**SWORN AND SUBSCRIBED TO BEFORE ME**

Date: 1-10-95

Signature: _Pamela J Walker_

☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

Signature Of Defendant: _Morris Allen (father)_

Name Of Defendant (Type Or Print)

**CERTIFICATION BY LAWYER FOR DEFENDANT**

As lawyer for the defendant named above, I hereby certify that the conditions stated above, if any, upon which the defendant's plea was entered are correct and they are agreed to by the defendant and myself. I further certify that I have fully explained to the defendant the nature and elements of the charge(s) to which he is pleading.

Date: 1-10-95

Signature Of Lawyer For Defendant: _James_

**CERTIFICATION BY DISTRICT ATTORNEY**

As District Attorney for this Prosecutorial District, I hereby certify that the conditions stated above, if any, are the terms agreed to by the defendant and his/her lawyer and myself for the entry of the plea by the defendant to the charge(s) in this case.

Date: 1-10-95

Signature Of District Attorney

**PLEA ADJUDICATION**

Upon consideration of the record proper, evidence presented, answers of defendant, and statements of the lawyer for the defendant and the District Attorney, the undersigned finds:

1. That there is a factual basis for the entry of the plea.
2. That the defendant is satisfied with his/her lawyer.
3. That the defendant is competent to stand trial and that the plea is the informed choice of the defendant and is made freely, voluntarily and understandingly.

The defendant's plea is hereby accepted by the Court and is ordered recorded.

Date: 1-10-95

Signature Of Presiding Judge

AOC-CR-300, Side Two
Rev. 9/94

*Shows no prior record*

246-33-23-76

| STATE OF NORTH CAROLINA | File No. 94CRS 14067, 14068, 14069 | |
|---|---|---|
| Cabarrus County — Concord Seat Of Court | | In The General Court Of Justice Superior Court Division |

NOTE: (This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-310 for DWI offense(s).)

**STATE VERSUS** | **JUDGMENT SUSPENDING SENTENCE - FELONY**

Defendant: Major Boyd Whitley

☐ IMPOSING AN INTERMEDIATE PUNISHMENT
☒ IMPOSING A COMMUNITY PUNISHMENT
(STRUCTURED SENTENCING)
G.S. 15A-1341, -1342, -1343, -1343.2, -1346

| Race | Sex | DOB |
|---|---|---|
| Black | Male | 6-23-80 |

Attorney For State: Darrin Jordan
☐ Not Indigent ☐ Attorney
Del. Found / Del. Waived
Attorney For Defendant: Jim Johnson ☒ Appointed ☐ Retained

The defendant [X] pled guilty to: ☐ was found guilty by a jury of: ☐ pled no contest to:

| File No.(s) And Offense(s) | | Date Of Offense | G.S. No. | F/M | CL |
|---|---|---|---|---|---|
| 94CRS 14067 - 2nd Degree Burglary | *only a day apart* | 10-18-94 | 14-51 | F | G |
| Larceny | | | 14-72(b)(2) | F | H |
| 94CRS 14068 - 2nd Degree Burglary | | 10-16-94 | 14-51 | F | G |
| 94CRS 14069 - Larceny | | 10-16-94 | 14-72(b)(2) | F | H |

**The Court:**
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __0__ * PRIOR RECORD LEVEL: ☒ I ☐ II ☐ III ☐ IV ☐ V ☐ VI
☐ 2. makes no prior record level finding because none is required.

**The Court:**
☒ 1. makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. makes the Findings of Extraordinary Mitigation set forth on the attached AOC-CR-606.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. finds enhanced punishment from a Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs); ☐ G.S. 14-3(c) (race).
☐ 6. imposes the punishment pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned

| for a minimum term of: | for a maximum term of: | In the custody of the N.C. DOC. |
|---|---|---|
| 12 months | 15 months | |

The defendant shall be given credit for __0__ days spent in confinement prior to the date of this Judgment as a result of this charge(s). to be applied toward the ☐ sentence imposed above. ☐ imprisonment required for special probation below.

**SUSPENSION OF SENTENCE**

With the consent of the defendant and subject to the conditions set out below, the execution of this sentence is suspended and the defendant is placed on ☒ supervised ☐ unsupervised probation for __3 years__ months.
☐ 1. The Court finds that a ☐ longer ☐ shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
☐ 2. The Court delegates to the Division of Adult Probation and Parole in the Department of Correction the authority to impose any of the requirements in G.S. 15A-1343.2(e) if the offender is sentenced to a community punishment, or G.S. 15A-1343.2(f) if the offender is sentenced to an intermediate punishment.
☐ 3. The above period of probation shall begin when the defendant is released from incarceration in the case referred to below.
☐ 4. The above period of probation shall begin at the expiration of the sentence in the case referred to below.
(NOTE: List case number, date, county and court in which prior sentence imposed.)

**MONETARY CONDITIONS**

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee set by law ☒ pursuant to a schedule determined by the probation officer, ☒ at the rate of $ 20.00 per month beginning on 2-10-95 and continuing on the same day of each month thereafter until paid in full.
☒ Other: Supervision fee waived; Subject is 14 years old.

| Fine | Costs | Restitution* | Attorney's Fee | Community Service Fee | Total Amount Due |
|---|---|---|---|---|---|
| $ 350.00 | $ 90.00 | $ | $ | $ | $ 440.00 |

*Name(s), address(es), amounts & social security no.(s) of aggrieved party(ies) to receive restitution.

☐ After payment of community service fee and probation supervision fee, all payments received by the Clerk shall first be disbursed to the persons entitled to restitution. [G.S. 7A-304(d)]
☐ Upon payment of the "Total Amount Due", the probation officer may transfer the defendant to unsupervised probation.

Material opposite unmarked squares is to be disregarded as surplusage.

AOC-CR-603, New 10/94 (Over)

## REGULAR CONDITIONS OF PROBATION – G.S. 15A-1343(b)

The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or of vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court. If the defendant is on supervised probation, the defendant shall also: (5) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (6) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (7) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (8) At a time to be designated by the probation officer, visit with the probation officer a facility maintained by the Division of Prisons.

If the defendant is to serve an active sentence as a condition of special probation, the defendant shall also comply with the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned and report to the probation officer in the State of North Carolina within 72 hours of the defendant's discharge from the active term of imprisonment.

## SPECIAL CONDITIONS OF PROBATION – G.S. 15A-1343(b1), 143B-262(c)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

☐ 11. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until _____ Division of Motor Vehicles whichever is sooner.

☐ 12. Submit at reasonable times to warrantless searches by a probation officer of the defendant's person and of the defendant's vehicle and premises while the defendant is present, for the following purposes which are reasonably related to the defendant's probation supervision:
☐ stolen goods ☐ controlled substances ☐ contraband ☐ _____

☐ 13. Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors or sellers of any illegal drugs or controlled substances; and not knowingly be present at any place where illegal drugs or controlled substances are sold, kept or used.

☐ 14. Supply a breath, urine and/or blood specimen for analysis of the possible presence of a prohibited drug or alcohol when instructed by the defendant's probation officer.

☐ 15. Successfully pass the General Education Development test (G.E.D.) during the first _____ months of the period of probation.

☐ 16. Complete _____ hours of community service during the first _____ of probation, as directed by the community service coordinator and pay the fee prescribed by G.S. 143B-475.1 within the time set out under monetary conditions above ☐ within _____ days of this judgment.

☐ 17. Report for initial evaluation by _____, participate in further evaluation, counseling, treatment or education programs recommended as a result of that evaluation and comply with all other therapeutic requirements of those programs until discharged.

☐ 18. Not assault, communicate with, be in the presence of or be found in or on the _____

☒ 19. Other Not associate with in any fashion with Mary Ann Allen during probationary period.

☐ 20. Comply with the Special Conditions Of Probation - Intermediate Punishments set forth on the attached AOC-CR-603, Page Two.

☐ A hearing was held in open court in the presence of the defendant at which time a fee was awarded the defendant's appointed counsel or assigned public defender.

## ORDER OF COMMITMENT / APPEAL ENTRIES

☐ It is ORDERED that the Clerk deliver two certified copies of this judgment and commitment to the sheriff or other qualified officer and that officer cause the defendant to be transported with these papers to the Division of Prisons to serve the sentence imposed until the defendant shall have complied with the conditions of release pending appeal.

☐ The defendant gives notice of appeal from the judgment of the Superior Court. The current pretrial release order is modified and any conditions of post conviction release are set forth on form _____.

| Date | Name Of Presiding Judge (Type Or Print) | SIGNATURE OF JUDGE |
|---|---|---|
| 1-10-95 | William H. Helms | /s/ |

## CERTIFICATION

I certify that this judgment and the attachment(s) marked below is a true and complete copy of the original on file in this case.

☐ Appeal Entries (AOC-CR-350)
☐ Judgment Suspending Sentence, Page Two (Special Conditions Of Probation - Intermediate Punishment) (AOC-CR-603, Pg. 2)
☐ Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-303)
☐ Extraordinary Mitigation Findings (AOC-CR-405)

| Date of Certification | Date Certified Copies Delivered To Sheriff | | ☐ Clerk Of Superior Court |

NOTE: Defendant sign below. I accept the conditions of this Judgment. I have received a copy of the Judgment and I understand all of the conditions of my probation and I understand that if I fail to abide by these conditions, my probation may be revoked, and while performing community service, any injury to me for any loss or damage which I may suffer or cause to persons or property while performing community service may not be compensated by the State. I understand that my probation may be extended past its current expiration date under G.S. 15A-1342 or G.S. 15A-1344.

| Date Signed | Signature Of Defendant |
|---|---|
| 1-13-95 | /s/ |

AOC-CR-603, Side Two, Rev. 10/94