IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAJOR BOYD WHITLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) 1:12CV67 ) 1:03CR445 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Major Boyd Whitley, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support of the same. (Docket Entries 49 and 50.)* Petitioner was indicted for possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entry 1.) He later pled guilty, on the condition that he be able to appeal the district court's order denying his motion to suppress, and was sentenced to 180 months of imprisonment. (Docket Entries 18 and 27; 2/12/2004 Minute Entries.) Petitioner filed a direct appeal appealing the denial of his motion to suppress and the Fourth Circuit Court of Appeals affirmed his conviction. *United States v. Whitley*, 124 Fed. App'x 781 (4th Cir. March 24, 2005) (unpublished). Petitioner then filed the abovementioned Motion under § 2255, which the Court later permitted him to amend. (Docket Entries 49, 50, 54, 55, 58.) Respondent has filed a motion to dismiss the § 2255 Motion in its entirety. (Docket Entry 63.) Petitioner has filed a reply opposing dismissal (Docket Entry 65) and a "Motion to

---

* This and all further cites to the record are to the criminal case.

Supplement Authorities" (Docket Entry 66). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

### Petitioner's Claims

The Motion (Docket Entries 49 and 50) raises a single claim of ineffective assistance of counsel, claiming that "appointed counsel was ineffective for failing to object to the [Armed Career Criminal Act] enhancement relying on (2) related state burglary prior convictions." (Docket Entry 50 at 3.) Additionally, Petitioner was later permitted to amend his Motion to raise a claim challenging this Court's jurisdiction by invoking a recent Supreme Court case, *Bond v. United States*, 131 S.Ct. 2355 (2011). (Docket Entries 54, 55, 58.) As explained below, Petitioner's claims are both untimely and without merit.

### Discussion

Respondent—responding to both Petitioner's original and amended filings—requests dismissal on the ground that the Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time

for seeking such review. *Clay v. United States*, 537 U.S. 522, 524-27 (2003). Here, as noted, Petitioner's appeal was affirmed by the Fourth Circuit on March 25, 2005. This means that Petitioner then had until June 23, 2005 to file a petition for writ of certiorari with the Supreme Court, which he did not do. *See id.* at 525 (noting the ninety day deadline to file a petition for a writ of certiorari with the high court). Petitioner therefore had until the end of June 22, 2006, one year after his conviction became final, to file the instant Motion. Yet, Petitioner's Motion was not signed until January 11, 2012 and was not received by the Court until January 17, 2012. (Docket Entry 49.) Likewise, Petitioner did not move to amend his Motion until February 21, 2012. (Docket Entries 54-55.) Consequently, the Motion—being filed more than five years late—was clearly out of time under subsection (f)(1). In fact, Petitioner concedes that this is the case. (Docket Entry 65 ("Respondent is correct in asserting that the limitations period lapse[d] on Movant's 2255 claim on June 22, 2006 one-year after the finality of his conviction.").) Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 Motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner may be arguing that the *Bond* decision fits this subsection and was sufficient to restart the limitation

3

period. (Docket Entry 54.) *Bond* involved a direct appeal where the Supreme Court concluded a defendant, who was convicted of a federal offense, had standing to assert that Congress exceeded its power under the Tenth Amendment in enacting the applicable criminal statue. *Bond*, 131 S.Ct. at 2367. However, Petitioner does not cite any authority, and the Court is aware of none, which has determined that *Bond* articulates a new rule of constitutional law. *See United States v. Crump*, Criminal No. 7:06–cr–00007–1, 2012 WL 604140, at *2, n.4 (W.D.Va. Feb. 24, 2012) (concluding that "*Bond*, which held that defendant had prudential standing to challenge his statue of conviction as violating the Tenth Amendment, does not establish a right which the Supreme Court has newly recognized and made retroactively applicable to cases on collateral review"). This subsection does not apply.

Even if the undersigned were to assume that *Bond* recognized a new right (a dubious assumption) there is nothing to indicate, and Petitioner has not shown, that it has retroactive application to § 2255 motions. And, even assuming further that *Bond* articulated a new and retroactive right applicable on collateral review (a second dubious assumption), the Fourth Circuit has repeatedly upheld the constitutionality of § 922(g) under the Commerce Clause. *See United States v. Wells*, 98 F.3d 808, 810-811 (rejecting the claim that the constitutionality of § 922(g) was called into question by the Supreme Court's ruling in *United States v. Lopez*, 514 U.S. 549 (1995)); *United States v. Gallimore*, 247 F.3d 134, 137-38 (4th Cir. 2010) (rejecting same claim in connection with the Supreme Court's decisions in *Jones v. United States*, 529

U.S. 848 (2000), and *United States v. Morrison*, 529 U.S. 598 (2000)). Thus *Bond* offers Petitioner no relief even if the claim had been timely filed.[1]

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this Motion. Petitioner's § 2255 Motion is not timely under subsection (f)(4) or any other subsection.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In this regard, Petitioner attempts to skirt the limitation period by invoking an "actual innocence" exception. (Docket Entry 65 at 1.) Recently, the Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitation in a § 2254 proceeding. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner

---

[1] Petitioner's *Bond* claim also challenges the district court's subject matter jurisdiction. (Docket Entry 54 at 2.) As explained, Petitioner pled guilty to a federal crime in federal court. The district court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, Petitioner lists a number of additional constitutional provisions that § 922(g)(1) allegedly violates in addition to the Tenth Amendment. (Docket Entry 54 at 1.) In addition to being untimely, these arguments are vague, conclusory, and completely unsupported by any additional argumentation beyond that addressed and rejected above. Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Even assuming the holding in *McQuiggin* applies in 2255 proceedings like this one, Petitioner has not shown compelling evidence of his actual innocence to get around the statute of limitations bar, nor has Petitioner alleged or demonstrated any other reason for tolling.[2]

The undersigned notes further that even if Petitioner's ACCA claim was timely, it would fail on the merits. Petitioner is essentially arguing that counsel was ineffective for failing to argue at trial that the ACCA does not apply to him because two predicate offenses, that is, two burglaries, should not have been counted separately under the Act. In order for the ACCA to apply, a defendant must have three convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The proper standard for judging whether Petitioner's convictions were "committed on occasions different from one another" is found in *United States v. Letterlough*, 63 F.3d 332 (4th Cir. 1995). There, the Fourth Circuit determined that convictions are separate felonies for the

---

[2] In support of his actual innocence claim, Petitioner references *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994). (Docket Entry 65 at 1.) *Maybeck* involved a career offender and addresses the application of actual innocence to excuse the procedural bar under the miscarriage of justice exception. *Id.* at 892-94. It did not address an exception to the limitation period set forth in AEDPA. More importantly, in *United States v. Pettiford*, the Fourth Circuit narrowed and/or clarified its holding in *Maybeck* to require a showing of "factual innocence" of the predicate crimes rather than a change in the "legal classification of the predicate crimes." *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). Here, Petitioner does not even allege, much less persuasively demonstrate, that he is actually innocent of any predicate crimes. Petitioner does not contend that he did not commit the prior state court offenses for which he was convicted; rather, he contests the legal classification of his predicate convictions for enhancement purposes.

6

purposes of the ACCA if they were separate and distinct criminal episodes. *Id.* at 335. To decide whether felonies are separate and distinct, courts should consider "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." *Id.* at 335-36 (footnotes omitted).

For example, in *Letterlough*, two convictions were found to be separate convictions for purposes of the ACCA even where two drug sales were made to the same person ninety minutes apart. *Id.* at 337. Other Fourth Circuit cases are similar. *See Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) (different dates and locations for burglaries qualified them as separate crimes); *United States v. Hobbs*, 136 F.3d 384, 387 & n.5, 389 (4th Cir. 1998) (three burglaries in one hour qualified as separate crimes).

Nothing on this record suggests that the two burglaries Petitioner references are meaningfully distinguishable from the crimes in *Letterlough* and the other cases just cited. In fact, Petitioner's Pre-Sentence Investigation Report ("PSR") indicates that the two burglaries in question targeted different homes, on different nights, and involved the theft of separate goods. (PSR ¶ 21.) At sentencing, the Court overruled Petitioner's objections regarding Paragraph 21, adopted the facts set forth in the PSR, and also found that "[P]aragraph 21 was appropriately applied" in this case. (Docket Entry 34 at 17-19, 23.) Thus, even if considered on the merits, this argument would fail because Petitioner has failed to demonstrate that trial counsel erred in failing to raise this particular point and Petitioner was not prejudiced by counsel's failure to pursue the issue.

Finally, Petitioner has filed a "Motion to Supplement Authorities" in which he asks the Court to take into consideration *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996) as a "precedential authority on point to Movant's claim of ineffective assistance of counsel for his failure to argue that predicate convictions for career enhancement were related." (Docket Entry 66.) The Court has reviewed *Breckenridge* and notes that it is not a limitations case. Additionally, *Breckenridge* considers whether the petitioner in that case was a Guidelines career offender, not—as is the Petitioner in this case—an armed career criminal. Consequently, there is nothing in *Breckenridge* that would alter the above analysis. Furthermore, Petitioner's argument that the burglary convictions are "related" for sentencing purposes is immaterial to his being sentenced as an armed career criminal. *See Hobbs*, 136 F.3d at 388 (explaining the difference between a *Letterlough* analysis for determining if prior offenses were committed "on occasions different from one another" for ACCA purposes and an analysis for determining if prior offenses were "related" as part of "common scheme or plan" under Guidelines' career offender provision).

For the reasons set forth herein, Petitioner's claims are both untimely and without merit. An evidentiary hearing is not warranted in this matter.

**IT IS THERFORE ORDERD** that Petitioner's "Motion to Supplement Authorities" (Docket Entry 66) is **GRANTED.** The Court has considered the supplemental case law Petitioner references in his Motion (Docket Entry 66) in rendering its Recommendation.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 63) be granted, that Petitioner's amended motion to vacate, set aside or correct sentence (Docket Entries 49) be dismissed, and that this action be dismissed.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
May 20, 2014