IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| MAJOR BOYD WHITLEY, | ) |  |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV67 |
| v. | ) | 1:03CR445 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

The Order and Recommendation (Docket Entry 70) of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on May 20, 2014, was served on the parties in this action. Petitioner filed twenty-four pages of Objections (Docket Entry 72) to the Recommendation. The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's recommendation.

In his Objections, Petitioner reiterates arguments previously raised, and also attempts to raise at least one new argument. The court notes that all of Petitioner's claims raised either now or earlier in this proceeding are time barred as explained by the Magistrate Judge in his prior Recommendation. (Docket Entry 70.) Additionally, as explained by the Magistrate Judge in his Recommendation, and as explained further below, even if all of Petitioner's claims were not time barred, they all fail on the merits.

Specifically, because of his multiple prior convictions, Petitioner was an "armed career criminal," within the meaning of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a).  Under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e).  Once a defendant is determined to be an Armed Career Criminal under § 924(e), his criminal history category and total offense level are dictated by U.S.S.G. § 4B1.4.

Here, Petitioner was convicted of one count of felony robbery in 1998 and was convicted of two counts of second-degree burglary in 1994.  (PSR ¶¶ 21, 28.)  The court concluded that these three convictions were a sufficient predicate for Petitioner to attain the status of an Armed Career Criminal under the ACCA.  Based on a total offense level of 30 and a criminal history category of IV, the Pre-Sentence Investigation Report ("PSR") calculated a Guidelines range of 135 to 168 months' imprisonment and a statutory range of not less than fifteen years (180 months) under the ACCA, 18 U.S.C. § 924(e).  (PSR ¶¶ 58-59; Docket Entry 34 at 19; Docket Entry 27.)  Petitioner was sentenced to the statutory minimum under the ACCA of 180 months.  (Docket Entry 27.)

Petitioner now contends that the 1994 burglary convictions were improperly used to enhance his sentence under the ACCA.  (Docket Entry 72 at 7, 11-14.)  However, as previously explained by the Magistrate Judge, Petitioner's two burglaries were sufficient to enhance his sentence under the ACCA.  (Docket Entry 70 at 6-7.)  The court will not address this issue again other than to note that the sections of the Guidelines cited to by Petitioner in

support of this argument (such as U.S.S.G. § 4A1.2 cmt. 3 (2004)) deal with calculating a defendant's criminal history category, which is different from the rules used in determining whether or not a defendant should be sentenced pursuant to the ACCA under 18 U.S.C. § 924(e) and § 4B1.4 of the Guidelines.[1]

Petitioner also asserts that the court erred in failing to apply the "categorical approach" in sentencing set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990). (Docket Entry 72 at 15-19.) The Supreme Court established the so-called "categorical approach" to determine whether a prior conviction constitutes a predicate offense for application of a sentencing enhancement under the ACCA, § 924(e). *Id.* Petitioner's second-degree burglary convictions are proper predicate offenses under the ACCA. This is because 18 U.S.C. § 924(e)(2)(B)(ii) defines a crime of violence to include "burglary." The Supreme Court has limited the term "burglary" in this statute to include unlawful entry into a building or structure (as opposed to a vehicle) with the intent to commit a crime. *Taylor*, 495 U.S. at 598-99. In North Carolina, burglary itself is defined by common law as the breaking and

---

[1] *See United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998) (noting the difference between the analysis used to determine whether prior offenses were "related" as part of a "common scheme or plan" for purposes of applying the career-offender provision of the Guidelines in U.S.S.G. §§ 4B1.1 and 4A1.1 and the analysis for determining whether prior offenses were committed "on occasions different from one another" for ACCA purposes); *United States v. Huntley*, 327 Fed. App'x 438, 439 (4th Cir. 2009) (consolidation of offenses does not merge the offenses under the ACCA as "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses") (citation omitted); *United States v. Pate*, 347 Fed. App'x 931, 932-33 (4th Cir. 2009) (concluding that prior state convictions were properly treated as separate convictions for sentencing under the ACCA even though defendant was arrested for all four offenses on the same day, they were consolidated for judgment, and sentence for the four offenses was imposed on the same day); *see also United States v. Benn*, Nos. 12–4522, 12–4803, 12–4804, 12–4851, 2014 WL 2109806, at *12 (4th Cir. May, 21 2014) (concluding that holding in Fourth Circuit's *United States v. Davis*, that consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement, does not apply in the ACCA context) (citing 720 F.3d 215 (4th Cir. 2013)).

entering during the nighttime of an occupied dwelling or sleeping apartment with the intent to commit a felony. *State v. Surcey*, 139 N.C. App. 432, 434, 533 S.E.2d 479, 481 (2000). Second-degree burglary is defined by statute to be burglary of a dwelling house or sleeping apartment not actually occupied at the time of the crime. *Id.*; N.C. Gen. Stat. § 14-51. Therefore, by definition, a second-degree burglary conviction in North Carolina will always be a crime of violence under the ACCA because it will always involve breaking and entering into a structure to commit a crime. Petitioner's "categorical approach" argument fails.[2]

While it is not entirely clear, Petitioner next seems to contend that, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he cannot be classified as an Armed Career Criminal. (Docket Entry 72 at 17-19). Petitioner was sentenced in state court under North Carolina's Structured Sentencing Act, which sets out ranges of possible minimum sentences for all classes of felonies. *See* N.C. Gen. Stat. § 15A-1340.17. The table is organized by offense class and criminal history category, further divided into mitigated, presumptive, and aggravated ranges. The minimum sentences set out in that table correspond to maximum sentences set out in a second table. Under *Simmons*, a crime is "punishable" by the highest sentence that could have been given to a defendant convicted for the same class of felony who had the same criminal history as the Petitioner, sentenced in the presumptive range unless a finding was made to apply the aggravated range. *Simmons*, 649 F.3d at 243-245.

---

[2] In a "narrow range of cases" when it is "evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not," the court looks beyond the generic elements of the offense to the specific conduct underlying that prior offense. *United States v. Diaz–Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008). Petitioner has not invoked this method, it does not apply in this case, and even if it did, nothing on the record favors an outcome any different from the one set forth herein.

4

Here, Petitioner's prior convictions of second-degree burglary were both Class G felonies and Petitioner had a criminal history level of I. (Docket Entry 72, Ex. A.) Using the table in § 15A-1340.17 in effect at the time of Petitioner's conviction, the possible minimum sentences ranged from 10 to 13 months. The corresponding maximum sentences ranged from 12 to 16 months. Therefore, a defendant in Petitioner's position could have been given up to 16 months of imprisonment and he was, in fact, given a 12 to 15 month sentence. (*Id.*) Under *Simmons*, Petitioner faced more than a year in prison and his predicate offense remains a felony. Therefore, Petitioner is still properly classified as an Armed Career Criminal, even after *Simmons*.

Petitioner may also be contending that (1) his burglary convictions could not be used towards his attainment of ACCA status because he was only fourteen years old when those crimes were committed and (2) that the district court violated the Eighth Amendment by using those convictions to enhance his sentence. (Docket Entry 72 at 16, 19.) Neither claim has merit. According to the PSR, which the court adopted at sentencing, the cases involving the burglary charges were transferred from Juvenile Court of Cabarrus County to Superior Court. (PSR ¶ 21; Docket Entry 72, Exhibit A; Docket Entry 34 at 23.) Petitioner pled guilty in Superior Court and was sentenced to a suspended sentence of 12-15 months and three years of probation. (PSR ¶ 21; Docket Entry 72, Exhibit A.) Under North Carolina law, this process results in an adult conviction. N.C. Gen. Stat. §§ 7A-608-610, *repealed effective July 1, 1999*; *see also* 18 U.S.C. 921(a)(20) ("What constitutes a conviction of [a violent, adult felony punishable by imprisonment exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held"); *United States v. Lender*,

985 F.2d 151, 155 (4th Cir. 1993) (concluding that whether a conviction qualifies as an adult conviction is determined by state law).³

Additionally, the Fourth Circuit Court of Appeals has held, on numerous occasions, that the fifteen-year sentence under the ACCA for a violation of § 922(g) "is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995). *See also United States v. Etheridge*, 932 F.2d 318, 323 (4th Cir.1991) (same); *United States v. Crittendon*, 883 F.2d 326, 331 (4th Cir. 1989) (same); *United States v. Hinnant*, 384 Fed. App'x 276, 278-279 (4th Cir. 2010) (concluding that district court did not violate the Eighth Amendment by enhancing sentence of defendant under ACCA based, in pertinent part, upon two breaking and entering convictions committed when defendant was seventeen, for which he was tried as an adult under North Carolina law).

Finally, an Affidavit attached to Petitioner's Objections contains a request for the appointment of an attorney. (Docket Entry 72, Affidavit.) There is no constitutional right to appointed counsel in a habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized

---

³ Petitioner contends that under N.C. Gen. Stat. § 7A-608 he could only have been tried as an adult if he were first convicted of a misdemeanor or charged with a Class A Felony, which was not the case here. (Docket Entry 72 at 7.) However, as explained to Petitioner at sentencing, while N.C. Gen. Stat. § 7A-608 *mandated* transfer to Superior Court under certain circumstances (not relevant to Petitioner's 1994 cases for the abovementioned burglaries) it *permitted* transfer to Superior Court in other circumstances (which were relevant in Petitioner's 1994 cases) where there had been notice, a hearing, and a finding of probable cause. (Docket Entry 34 at 17-18.)

and counsel is needed for effective discovery or where an evidentiary hearing is to be held. *See* Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings. Petitioner has not demonstrated, nor does the court conclude, that the interests of justice warrant the appointment of an attorney here, nor is discovery or an evidentiary hearing warranted. The request is denied.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss [Docket Entry 63] be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence [Docket Entry 49] be **DENIED**, and that this action be dismissed with prejudice. A judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

United States District Judge

Date: September 9, 2014